**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SALADINE PITTS, a/k/a Raymond Marinee, | : | |
| Plaintiff, | : | Civil Action No. 09-158 (RBK) |
| v. | : | **OPINION** |
| STATE OF PENNSYLVANIA, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Saladine Pitts
Howard R. Young Correctional Institution
Wilmington, Delaware 19809

**KUGLER**, District Judge

Plaintiff Saladine Pitts, a prisoner confined at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's

Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that in 1985 and 1986 his constitutional rights were violated by the State of Pennsylvania, the City of Philadelphia, Detective Ernest Oakley ("Oakley"), Detective John Knowles ("Knowles"), Lieutenant Robert Campbell ("Campbell"), Officer Richard Springer ("Springer"), District Attorney Joseph Wolfson ("Wolfson"), Detective Jack Haugh ("Haugh"), and District Attorney Rayford Means ("Means") due to their actions leading to Plaintiff's criminal robbery conviction on September 3, 1986. More specifically, Plaintiff alleges that he was a victim of false arrest and imprisonment. Plaintiff was sentenced to eight to twenty-three years imprisonment in the Pennsylvania Department of Corrections. He was released on May 8, 2006, after serving more than twenty years.

Following his release, Plaintiff was arrested in Delaware on unrelated charges and confined at the HYRCI, where he remains to date. Plaintiff alleges that on December 20, 2007, the State of Pennsylvania placed upon him a parole violation detainer. He alleges that the 1985 and 1986 false arrest and imprisonment "abridged his liberty for more than twenty years through its effect of the fruit of the poisonous tree which is embodied in the State of Pennsylvania parole detainer." In turn, this caused HRYCI Warden Phil Morgan ("Warden Morgan"), in his official capacity and by proxy, to illegally detain Plaintiff for the

State of Pennsylvania. Plaintiff seeks twenty million dollars in compensatory damages, the cessation of further servitude of incarceration, and removal of the detainer.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as

true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 540 U.S. 544, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550, U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual

matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. ANALYSIS

A. Statute of Limitations

Most of Defendants' alleged acts occurred in 1985 and 1986 and took place in Pennsylvania. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1983). A two-year statute of limitations applies to § 1983 claims arising from conduct in Pennsylvania. See Sameric Corp. of Delaware, Inc. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Mattis v. Dohman, 260 F. App'x 458 n.3 (3d Cir. 2008) (not reported).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if

not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008) (not reported); Wakefield v. Moore, 211 F. App'x 99 (3d Cir. 2006) (not reported) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff alleges that it was not until a year from December 20, 2007, when he was placed on a parole violation detainer that he "discovered his injury claim of false arrest and imprisonment which abridged his liberty for more than twenty years through its effect of the fruit of the poisonous tree." (D.I. 2.) While the Court liberally construes Plaintiff's pro se Complaint, it finds the discovery of injury allegation dubious, at best in light of Plaintiff's numerous attempts to overturn his Pennsylvania conviction and sentence. See Commonwealth v. Pitts, No. 01962EDA00, 2000 WL 34240848 (Pa. Super. Oct. 24, 2000) (Appellate brief). On direct appeal, the Superior Court of Pennsylvania affirmed his criminal conviction and judgments of sentence on September 23, 1988. Commonwealth v. Marinee, 550

A.2d 251 (Pa. Super. Sept. 23, 1988) (table decision.)[1] The Pennsylvania Supreme Court denied appeal of the Superior Court's decision on February 23, 1989. Commonwealth v. Marinee, 559 A.2d 36 (Pa. 1989). Plaintiff filed his first petition under Pennsylvania's Post-Conviction Relief Act ("PCRA") on April 23, 1992, and it was denied on March 31, 1994; the second PCRA petition on February 9, 1997, and it was denied on July 23, 1997; and a third PCRA petition on March 2, 2000, and it was dismissed as untimely. Commonwealth v. Pitts, No. 01962EDA00, 2000 WL 34240848, at *2. The Pennsylvania Superior Court affirmed the dismissal. Commonwealth of Pennsylvania v. Pitts, 779 A.2d 1221 (Pa. Super. 2001) (table decision).

It is evident from the face of the Complaint, that the claims raised for acts occurring in 1985 and 1986 are time-barred. Plaintiff filed this Complaint over twenty years after the expiration of the two year limitations period. Accordingly, the Court will dismiss all time-barred claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), including the claims against Defendants State of Pennsylvania, the City of Philadelphia, Oakley, Knowles, Campbell, Springer, Wolfson, Haugh, and Means.

[1]Saladine Pitts is also known as Raymond Marinee.

B. Eleventh Amendment Immunity

Plaintiff raises claims against the State of Pennsylvania and State of Delaware.[2] Said claims, however, are barred by the States' Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).

The States have not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. See Lavia v. Pennsylvania Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (not reported). The Eleventh Amendment also precludes the District Court from granting Plaintiff's request for prospective injunctive relief against the States. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

Plaintiff's claims against the State of Pennsylvania and

[2]While the majority of the claims against the State of Pennsylvania are time-barred, Plaintiff alleges that on December 20, 2007, the State of Pennsylvania unlawfully placed upon him a parole violation detainer.

State of Delaware have no arguable basis in law or in fact inasmuch as the States are immune from suit. Therefore, the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

C. Official Capacity

Plaintiff raises a claim against Warden Morgan in his official capacity. Claims made against state officials in their official capacities are treated as claims made against the state itself and are barred by the Eleventh Amendment. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 & n.10 (1989). While the Eleventh Amendment precludes recovery of monetary damages from Warden Morgan in his official capacity, it does not preclude Plaintiff from pursuing his claim against Warden Morgan for prospective injunctive relief (ie., Plaintiff seeks relief from "further servitude of incarceration"). MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491, 506 (3d Cir. 2001); Walker v. Beard, 244 F. App'x. 439, 441 (3d Cir. 2007) (not reported).

Based upon the foregoing, the Court will dismiss all claims against Warden Morgan in his official capacity, save the claim seeing prospective injunctive relief, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, as discussed below, Plaintiff's claim for relief, prospective or otherwise, is frivolous.

C. Respondeat Superior

It appears that Plaintiff named Warden Morgan as a Defendant based upon his supervisory position. Plaintiff alleges that Warden Morgan, by proxy, is illegally detaining him for the State of Pennsylvania due to the placement of a parole violation detainer. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Soc. Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for

Women, 128 F. App'x 240 (3d Cir. 2005) (not reported).

The Complaint does not indicate that Warden Morgan is "driving force [behind]" Plaintiff's alleged constitutional violations. Moreover, the Complaint does not indicate that Warden Morgan was aware Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the Court will dismiss the claims against Warden Morgan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

D. Heck v. Humphrey

Plaintiff alleges that Warden Morgan is illegally detaining him, by proxy, as a result of the State of Pennsylvania's placement of the December 20, 2007 parole violation detainer. He asks for removal of the detainer and "no further servitude of incarceration."

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

The Court takes judicial notice that on April 3, 2007, Plaintiff was arrested in Delaware on robbery charges. Michaels v. Delaware, Nos. 334, 2008, 348, 2008, 373, 2008, –A.2d–, 2009 WL 684142, at *1-2 (Del. 2009). He was indicted on May 14, 2007, with three other individuals, and pled guilty to first degree robbery, second degree burglary, and first degree kidnapping. Id. at *2, 6. His co-defendants proceeded to trial. Id.

The Complaint makes no mention of Plaintiff's guilty plea or his sentence. Hence, it is not clear if Plaintiff's present confinement at the HRYCI is the result of the probation violation due to his 1986 Pennsylvania conviction or his recent Delaware conviction. In any event, success on Plaintiff's claim regarding illegal prolonged imprisonment and wrongful incarceration would necessarily invalidate the 1986 conviction and/or the Pennsylvania parole revocation decision. See Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006). Because neither Plaintiff's 1986 conviction nor his parole revocation decision were rendered invalid, Plaintiff may not attack them via a § 1983 action. Plaintiff's "by proxy" claim against Warden Morgan is barred by Heck v. Humphrey. Therefore, the Court will dismiss the claim as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. An appropriate Order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: 4/16/09

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SALADINE PITTS, a/k/a Raymond Marinee, | : | Civil Action No. 09-158 (RBK) |
| Plaintiff, | : | **ORDER** |
| v. | : | |
| STATE OF PENNSYLVANIA, et al., | : | |
| Defendants. | : | **CLOSED** |

For the reasons expressed in the Opinion filed herewith,

IT IS on this 16th day of April 2009,

ORDERED that Plaintiff's Complaint is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and it is further

ORDERED that the Clerk shall serve copies of this Order and accompanying Opinion upon Plaintiff by regular U.S. mail and CLOSE the file in this matter.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge